IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMAR RASHAWN WARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-828-WHA-SMD |
| | ) | [WO] |
| THERESA DYER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

*Pro se* Plaintiff Jamar Rashawn Warner, a pre-trial detainee confined in the Russell

County Jail ("Russell"), brings this action under 42 U.S.C. § 1983. Doc. 1. Warner alleges

that he received constitutionally inadequate medical treatment while incarcerated at Russell

between August 2017 and December 2017. Doc. 1 at 5–10. Warner seeks a declaratory

judgment, injunctive relief, and monetary damages for the alleged violations of his

constitutional rights.   Doc. 1 at 4. Defendants filed an answer, special report, and

supporting evidentiary materials denying Warner's allegations. Doc. 15.[1]

The Court, in turn, ordered Warner to file a response to Defendants' materials.

Doc. 16. The Court instructed Warner to support his answer with sworn affidavits or other

evidentiary materials "demonstrating there is a genuine issue of material fact for trial in

---

[1]Defendants also argue Warner's failure to exhaust his administrative remedies as an affirmative defense. Warner counters that he properly exhausted the administrative remedy in effect at the time his cause of action arose because the applicable grievance procedure did not entail an appeal process. Doc. 19 at 1–2. The undersigned finds that Warner's assertion is supported by the record and therefore proceeds to the merits of Warner's claims.

this case." Doc. 16 at 3. The Court also notified the parties that, upon the expiration of Warner's time to file a response, the Court would construe Defendants' materials as a motion for summary judgment and consider Warner's response in ruling on the motion. *Id.* Warner has filed a response to Defendants' materials. Doc. 19.

Accordingly, the undersigned Magistrate Judge now construes Defendants' materials as a motion for summary judgment. Doc. 15. For the following reasons, the undersigned RECOMMENDS that Defendants' Motion be GRANTED.

## I.    STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). When the nonmoving party bears the burden of proof at trial, summary judgment is warranted if the nonmovant fails to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The legal elements of a claim determine which facts are material and which are irrelevant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A fact is not material if a dispute over that fact would not affect the outcome of the case under the governing law. *Id.*

A court must view the proffered evidence in the light most favorable to the nonmovant and resolve all reasonable doubts about the facts in the nonmovant's favor. *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234,1242–43 (11th Cir. 2001). Still, the nonmovant must produce sufficient evidence to enable a jury to rule in his favor; a mere scintilla of evidence in support of a position is insufficient. *Id.* at 1243. In sum, summary

judgement is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* (quoting *City of Delray Beach, Fla. v. Agric. Ins. Co.*, 85 F.3d 1527, 1530 (11th Cir. 1996)).

## II.    APPLICABLE LEGAL STANDARD

Warner complains about actions that occurred while he was confined at Russell as a pretrial detainee. "[I]n regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." *Hamm v. DeKalb Cnty*, 774 F.2d 1567, 1574 (11th Cir. 1985). Accordingly, "decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees." *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996).

## III.    DISCUSSION

Warner asserts that Defendants delayed his initial physical assessment by a health care professional, failed to advise him of the results of his tuberculosis test, and denied him adequate medical treatment for headaches and chest pains when he arrived at the Russell County Jail.  Warner also complains that Defendant Johnson failed to intervene regarding the treatment provided by medical personnel.

### A.    Deliberate Indifference to Serious Medical Needs

To succeed on a claim of deliberate indifference to a medical need, a prisoner plaintiff must show: "(1) a serious medical need; (2) the defendants' deliberate indifference

to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009).  When seeking relief based on deliberate indifference, an inmate is required to show "an objectively serious need, an objectively insufficient response to that need, [the defendants'] subjective awareness of facts signaling the need, and an actual inference of required action from those facts." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).

With respect to the objective component, a plaintiff must first show "an objectively 'serious medical need[]' . . . and second, that the response made by [the defendants] to that need was poor enough to constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligen[ce] in diagnos[is] or treat[ment],' or even '[m]edical malpractice' actionable under state law." *Taylor*, 221 F.3d at 1258 (internal citations omitted). "An allegation of negligence is insufficient to state a due process claim. *Simpson v. Holder*, 200 F.App'x 836, 839 (11th Cir. 2006).  With respect to the subjective component, "a plaintiff must demonstrate that the public official acted with an attitude of deliberate indifference . . . which is in turn defined as requiring two separate things: aware[ness] of facts from which the inference could be drawn that a substantial risk of serious harm exists [] and . . . draw[ing] of the inference[.]" *Taylor*, 221 F.3d at 1258 (internal quotation marks and citations omitted) (alterations in original).

Furthermore, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation," does not establish a claim of deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).  When medical

4

personnel attempt to diagnose and treat an inmate, the fact that the chosen treatment was ineffective does not give rise to a deliberate indifference claim. *Massey v. Montgomery Cnty Det. Facility*, 646 F. App'x 777, 780 (11th Cir. 2016). "Whether government actors should have employed additional diagnostic techniques or forms of treatment is a classic example of a matter for medical judgment and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) (internal quotation marks omitted). A difference of opinion as to how a condition should be treated does not give rise to a deliberate indifference claim. *Hamm*, 774 F.2d at 1575. Neither does such a claim arise where an inmate is denied a referral to an outside physician for evaluation. *Amarir v. Hill*, 243 F.App'x 353, 354 (9th Cir. 2007).

### 1.    Claims Against Defendants Dyer, Talley and Ellis

Warner complains that Defendant Nurse Dyer, Defendant Nurse Talley, and Defendant Dr. Ellis—each of whom is employed at Russell—delayed his initial physical assessment, failed to advise him of the results of his test for tuberculosis and denied him adequate treatment for headaches and chest pains. Doc. 1 at 5–11. Warner argues these defendants should have referred him for an MRI or CAT scan to aid in their assessment of his conditions. Doc. 1 at 7.

Each of these Defendants submitted affidavits in response to Warner's complaint. After reviewing these materials, the undersigned finds that the details of medical treatment provided to Warner, as set forth in these affidavits, are corroborated by the objective medical records contemporaneously compiled during the treatment process. Talley's

affidavit shows that, on September 15, 2017, Defendant Talley performed a medical assessment of Warner and noted his vital signs and bodily functions were all normal with no indication of any serious medical issue warranting treatment. Docs. 15-7 at 2, 15-10 at 2. Defendant Dyer's affidavit shows that Warner underwent several examinations, including an EKG, the results of which came back as normal. Doc. 15-6 at 2–4. Finally, Defendant Ellis's affidavit shows that Warner was evaluated on several occasions and underwent lab work, the results of which came back normal. Doc. 15-5 at 3–4.

Accordingly, the undersigned concludes that the course of treatment undertaken by these medical Defendants does not amount to deliberate indifference. Warner has failed to present any evidence indicating that these Defendants knew that the manner in which they treated Warner created a substantial risk to his health. Neither is there any evidence that these Defendants knowingly disregarded such a risk. Accordingly, Warner's deliberate indifference claim fails.

### 2.    Claims Against Defendant Johnson

Warner next claims that Defendant Steve Johnson, the jail administrator at Russell, acted with deliberate indifference by not intervening with respect to the medical treatment he received. The record makes clear that Defendant Johnson does not make decisions about medical treatment provided to inmates. Doc. 15-4 at 4. Moreover, Warner has not demonstrated that Defendant Johnson was aware of any facts establishing an objectively

serious medical need or that Defendant Johnson consciously disregarded any such risk. Accordingly, Warner's deliberate indifference claim against Defendant Johnson fails.

Warner also alleges that Defendant Johnson is liable for the treatment provided by medical professionals. "The law does not impose upon [jailers] a duty to directly supervise health care personnel, to set treatment policy for the medical staff or to intervene in treatment decisions where they have no actual knowledge that intervention is necessary to prevent a constitutional wrong." *Cameron v. Allen*, 525 F.Supp.2d 1302, 1307 (M.D. Ala. 2007). Additionally, supervisory officials "are entitled to rely on medical judgments made by medical professionals responsible for prisoner care." *Id.* Accordingly, Defendant Johnson is not liable for the treatment provided by the medical professionals in this case.

Finally, Warner seeks to hold defendant Johnson liable under the theory of respondeat superior. Respondeat superior, however, cannot establish liability under 42 U.S.C. § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Neither can a theory of vicarious liability establish a claim under § 1983. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Instead, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. As explained above, Warner did not receive constitutionally inadequate medical treatment. Warner's claim against Defendant Johnson therefore fails.

### B.     Alleged Violations of Administrative Regulations or Policies.

Warner alleges that the medical personnel and Defendant Johnson violated the administrative policies of Russell and, in doing so, violated his constitutional rights. Under

the Due Process Clause of the Fourteenth Amendment, no state shall "deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1.  "While a violation of a state or federally created liberty interest can amount to a violation of the Constitution, not every violation of state or federal law or state or federally mandated procedures is a violation of the Constitution."  *Buckley v. Barlow*, 997 F.2d 494 (8th Cir. 1993) (citation omitted).

A prison "grievance procedure is a procedural right only," meaning that it does not confer any substantive right on an inmate. *Buckley*, 997 F.2d at 495 (quotation marks and citation omitted). A failure to process an inmate's grievances, without more, is not a violation of the Fourteenth Amendment. *Bingham v. Thomas*, 654 F.3d 1171, 1177–78 (11th Cir. 2011). Similarly, a violation of departmental rules or policies, standing alone, does not infringe on an inmate's constitutional rights*. See, e.g.*, *Fischer v. Ellegood*, 238 F. App'x 428, 431 (11th Cir. 2007); *Magluta v. Samples*, 375 F.3d 1269, 1279 n. 7 (11th Cir. 2004).  Here, Defendant Johnson's alleged violation of Russell's grievance policies, standing alone, does not give rise to a constitutional violation.  Accordingly, Warner's § 1983 claim fails.

## IV.   CONCLUSION

For these reasons, the undersigned Magistrate Judge RECOMMENDS that:

1. Defendants' Motion for Summary Judgment (Doc. 15) be GRANTED.

2. Judgment be GRANTED in favor of Defendants.

3. This case be dismissed with prejudice.

4. Other than the filing fee assessed to Warner, no costs be taxed.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation on or before **February 25, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of February, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE